Order, Supreme Court, Bronx County (Lucinda Suarez, J.), entered April 9, 2013, which, insofar as appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing plaintiff’s cause of action alleging libel, unanimously affirmed, without costs.
Plaintiffs cause of action for libel arises out of the statements made by defendant Alma Wilson, in a report to her supervisor, wherein Wilson claimed to have witnessed plaintiff verbally and physically abuse an elderly patient. It is undisputed that the statements are protected by a qualified privilege. However, plaintiff may defeat this defense by demonstrating that defendant was motivated by malice (see Foster v Churchill, 87 NY2d 744, 751-752 [1996]; Liberman v Gelstein, 80 NY2d 429 [1992]). While an allegation of falsity is insufficient to create an inference of malice (see Stukuls v State of New York, 42 NY2d 272, 279 [1977]), malice may be inferred “from a statement that is so extravagant in its denunciations or so vituperative in its character as to warrant an inference of malice” (Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 260 [1st Dept 1995] [internal quotation marks and citation omitted]).
Here, the nature of the statements, reporting patient mistreatment, is such that, a jury could not “reasonably conclude that ‘malice was the one and only cause for the publication’ ” (Liberman, 80 NY2d at 439). Indeed, plaintiff herself, when questioned about what motivation she attributed to Wilson’s allegedly false report, stated, “I can’t figure why she would have done something like that.” Nor does the record contain evidence that the statements were made with knowl *574 edge of their probable falsity (Liberman, 80 NY2d at 438-439). To the contrary, the record contains evidence that after an investigation, which included testimony from a third employee corroborating Wilson’s complaint about plaintiffs mistreatment of the patient, defendant Montefiore terminated plaintiff. Plaintiffs union then declined, after an investigation, to pursue arbitration on her behalf. Thus, the motion court properly concluded that, on this record, there was no question of fact to be resolved by a jury as to whether Wilson was motivated by malice. Concur — Renwick, J.P, Moskowitz, DeGrasse, ManzanetDaniels and Feinman, JJ.